# In the Court of Common Pleas of Lancaster County.

## LOEB *v.* NISSLEY.

Until a person encloses his land, or part of it, he cannot legally be called upon to pay any part of the expenses of building fences by persons adjoining his land on either side.

### Case stated.

Opinion delivered April 18, 1874, by

LIVINGSTON, P. J. The case stated finds that Loeb purchased four adjacent lots of ground in Lancaster city, containing together in front on North Shippen street 88 feet; and extending in depth 245 feet to a public alley, of which he obtained possession in April, 1873 That Nissley purchased three adjacent lots of ground in the city of Lancaster, adjoining those of Loeb, and containing together in front on North Shippen street 66 feet, and extending in depth 245 feet to a public alley, and also obtained possession of them in April, 1873. None of these lots at the time of their purchase had fences or other improvements of any kind upon them. After the parties had obtained their deeds and possession of their respective lots, Loeb wrote to Nissley, informing him that he, Loeb, intended to enclose his lots, and requesting Nissley to make half the partition fence between them; this Nissley refused to do, and stated that he would not improve nor enclose his lots. After this refusal Loeb proceeded to enclose his lots, and in doing so made the whole of the fence on the line between his lots and the lots of Nissley at his own expense, and brought this action to recover half the expense of making it from Nissley. Nissley never fenced his lots, and they remain open commons now.

The 3d section of the act of March 11, 1842, declares that "When any two persons shall improve lands adjacent to each other, or where any person shall enclose any land adjoining to another's land already fenced in, so that any part of the first person's fence becomes the partition fence between them, in both these cases the charge of such division fence, so far as is enclosed on both sides, shall be borne equally and maintained by both parties;" and the 4th section of the same act provides for the view and examination of any line fence, and a certificate from the viewers what proportion of the expense of building a new or repairing old line fence should be borne by each party, etc. And the ordinance of the city of Lancaster (p. 65) regulating partition fences, provides thst the city regulators, or any two of them, shall have full power to regulate partition fences in the city; and where the adjoining parties *do improve* or *enclose their lots,* the partition fences shall be made in the manner generally used, and shall be kept in repair at the equal cost of the parties, so that the

price for making such fence shall not exceed $5 for every hundred square feet, unless the owners or possessors between whom such fence is, or shall be erected, do agree otherwise. And if either party between whom such partition fence is, or shall be made, shall neglect or refuse to pay his part or moiety for the repairing or setting up such fence as aforesaid then the party at whose cost the same was so repaired or set up, may have his action before the mayor. recorder, alderman, or any justice of the city, for the recovery of the moiety for such cos s.

We are now asked to decide whether, under the facts in the case stated, Nissley, the defendant, is legally bound to pay half the cost and expense of erecting the fence made by Loeb. That he is not at present, is very evident. That he, his heirs or assigns, will in the future be, scarcely admits of a doubt..

The act of assembly limits such liability to two cases.   1st. Where any *two persons shall improve lands adjacent to each other.*

2d. Where any person shall enclose any land adjoining to another's land already fenced in (as would be the case if Nissley would now fence and enclose his lots), so that any part of the first person's fence becomes the partition fence between them.

And the ordinance limits to the case where adjoining parties do improve or enclose their lots.

In Dysart v. Leeds, 2 Barr 488, the supreme court says : "An occupant is not bound to join in a division fence. He may set his fence, if it please him, not on the line of division, but within it, and if his neighbor extend *his* fence across the line to join, it is a trespass." So in Painter v. Reese, 2 Barr 126, where a partition fence was destroyed by a flood, the supreme court says : "That in such case *either party* may recede from the former line and erect a fence on his own land, leaving the intervening space open to the public, in which case he is not bound to maintain the former fence."

And in Rohrer v. Rohrer, 6 Harr. 367, where a lane existed between the lands of A. and B., and A., claiming the lane as his land, removed the fence so as to include the lane, and B. placed his fence back so as to exclude the lane and leave a lane on his own land, which was left open. at each end, and was used by A. and such others as chose to do so. The supreme court say "that A. could not recover from B. the one-half of the cost of the fence made by A. along the lane ; the lane was no longer improved land within the meaning of the act, and the fence viewers had no jurisdiction of the case.

In this case, until Nissley encloses his land, or part of it, he cannot be called upon legally. to pay any part of the expense of building fences by persons adjoining his land on either side.

Judgment is therefore entered for the defendant as provided for in the case stated.